**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Shaft,<br><br>                Plaintiff,<br><br>v.<br><br>Social Security Administration Commissioner,<br><br>                Defendant. | No. CV-13-08206-PCT-DGC<br><br>**ORDER** |

       Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after his application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for an award of benefits. Doc. 19.

       Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 21. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion in part and award Plaintiff attorney's fees in the amount of $6,565.86.

       "The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 26; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that her position in

this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258. A position is substantially justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust. Nor has she shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified. The Court found that the ALJ committed legal error by failing to set forth "specific and legitimate reasons" based on substantial evidence for rejecting work-related limitations in Dr. Jaume's medical opinion. Doc. 19 at 4. The Court found that the ALJ improperly discounted Dr. Jaume's opinion by exaggerating Plaintiff's activities of daily living and by incorrectly stating that Dr. Jaume's opinion was inconsistent with his own clinical findings. Doc. 19 at 6. Because the ALJ's decision did not comport with the Ninth Circuit's requirement for discounting medical source opinions, Defendant's position cannot be said to have a "reasonable basis in law" and was not substantially justified.

Plaintiff has described the efforts of his counsel in his fee request. Doc. 21 at 4-7. In addition, Plaintiff's counsel, John E. Phillips, has filed an itemized statement of fees showing that he worked 49.74 hours on this case.[1] Doc. 22. Having reviewed Plaintiff's motion and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is unreasonable for two reasons. First, Plaintiff's counsel has billed an unreasonably large amount of time for certain tasks. For example, counsel apparently spent seven hours preparing the fee petition. Second, many of counsel's time entries are block billed, which makes it difficult to evaluate the

---

[1] Plaintiff's counsel filed a second itemized statement of fees with the reply brief indicating that he had worked an additional six hours preparing Plaintiff's reply to the Commissioner's objection to the EAJA fee motion. Plaintiff has not, however, requested an award of fees for this additional time.

- 2 -

reasonableness of time entries on their face.[2] The Court will therefore reduce the requested hours by 15 hours for a total award of $6,565.86.[3] *See Hensley*, 461 U.S. at 433 (stating that the district court can "reduce" the fee award where the documentation is inadequate); *Fischer v. SJF-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (finding that a court may reduce an excessive fee request based on counsel's lack of explanation and specificity in documenting billing).

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 21) is **granted in part**.
2. Plaintiff is awarded **$6,565.86** pursuant to 28 U.S.C. § 2412.

Dated this 1st day of August, 2014.

_____
David G. Campbell
United States District Judge

---

[2] A reviewing court (or client) cannot determine from block billed entries how much time was devoted to any particular task and therefore cannot determine whether the time recorded was reasonable. As a result, this Court's local rules do not permit fee applications that include block billing. They instead require lawyers to identify "[t]he time devoted to each individual unrelated task[.]" *See* LRCiv. 54.2(d) & (e).

[3] Plaintiff's petition is not sufficiently detailed for the Court to discern the hourly rate his counsel is charging for each task. The Court has calculated the total for 34.74 hours at $189.00 per hour, counsel's average hourly rate.